UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
        v.                                ) CRIMINAL NO. 95-10049-REK
                                          )
JUAN CARLOS CADAVID,                      )
        Defendant                         )
                                          )
                                          )
_____  )

**Memorandum and Order**
December 21, 2005

**I.  Pending Matters**

Pending for decision are matters related to the following filing:

(1) Juan Carlos Cadavid's Motion to Vacate or Correct Sentence Pursuant to Rule

32 of the Federal Rules of Criminal Procedure (Docket No. 197, filed December 20, 2004).

**II. Factual and Procedural Background**

On November 29, 1995, a Superseding Indictment was returned in this action.

Defendant Juan Carlos Cadavid was charged with conspiracy to possess cocaine with intent to

distribute (Count 3), possession of cocaine with intent to distribute, and aiding and abetting

(Counts 4 through 7).  Defendant Albeiro Castrilon was charged with conspiracy to possess

cocaine with intent to distribute (Count 1) and possession of cocaine with intent to distribute

(Count 2).  Defendant Jesus Gutierrez was charged with the same counts as Cadavid.  On March

11, 1997, Castrilon and Gutierrez entered plea agreements for the counts that remained against

them.  Defendant Cadavid entered into a plea agreement on May 27, 1997.  On May 30, 1997,

this court sentenced Castrilon to a term of 60 months imprisonment.  On July 8, 1997, this court

sentenced Gutierrez to a term of 151 months imprisonment and ordered that the sentence be

served concurrently with a prior sentence Gutierrez was then serving.  On November 26, 1997,

this court sentenced Cadavid to a term of 228 months imprisonment and ordered that part of the

sentence be served concurrently with a prior sentence Cadavid was then serving.  This case was

closed as to all defendants on December 3, 1997.

Cadavid appealed this case to the Court of Appeals for the First Circuit.  The First

Circuit affirmed the judgment of this court on October 1, 1999.  United States v. Cadavid, 192

F.3d 230 (1st Cir. 1999).  On December 20, 2004, Cadavid filed his pro se motion to vacate or

correct sentence.  The government filed its response to this motion on December 12, 2005.

**III. Analysis**

Cadavid moves this court pursuant to Rule 32 of the Federal Rules of Criminal

Procedure to vacate and correct his sentence.  Cadavid asserts that, after the Supreme Court's

decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), the sentence of 228 months that this

court imposed in 1997 is no longer constitutional.  Although Cadavid is correct that Blakely and

United States v. Booker, 125 S.Ct. 738 (2005), have together changed the sentencing landscape

such that the sentencing guidelines are now merely advisory and aggravating circumstances that

lead to an upward departure must be proved before a jury, see, e.g., United States v. Burdi, 414

F.3d 216, 219 (1st Cir. 2005) (referring to "the now advisory guidelines"); United States v.

Mueffelman, 327 F.Supp.2d 79, 91-96 (D. Mass. 2004) (stating that the sentencing guidelines as a

whole are unconstitutional), he is incorrect that these cases require that his sentence in the instant case must be corrected.

Rule 32 sets forth the procedure for sentencing and judgment in criminal cases in the federal court system.  See Fed. R. Crim. P. 32.  It does not, however, provide for post-conviction collateral attacks on a criminal sentence.  See id.  Such attacks are permitted under 28 U.S.C. § 2255, and I will thus interpret Cadavid's motion as a claim pursuant to 28 U.S.C. § 2255.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding a pro se complaint to "less stringent standards than formal pleading drafted by lawyers").

Section 2255 of Title 28 of the United States Code permits a prisoner to move a court to vacate, set aside, or correct his or her sentence.  28 U.S.C. § 2255.  This right is limited, however, by a one-year period of limitation that generally runs from the date on which the judgment of conviction becomes final.  Id.  Although this period of limitation may run from the date on which the Supreme Court initially recognized the right that the prisoner asserts, this extension is only permitted when the Supreme Court makes the right in question retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(3).  Blakely claims are now viewed through the lens of Booker, see Cirilo-Munoz v. United States, 404 F.3d 527, 532 (1st Cir. 2005), and the First Circuit has held that Booker is not retroactive.  See id. at 532-33 (stating that "[e]very other circuit that has considered this issue has agreed that Booker does not apply retroactively").

Cadavid's motion is thus only timely if he filed it within one year of his conviction becoming final.  Cadavid was sentenced by this court on November 21, 1997, and the First Circuit

3

affirmed his conviction and sentence on appeal on October 1, 1999.  Cadavid did not file his

motion to vacate until December 20, 2004.  I therefore deny this motion as untimely.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Juan Carlos Cadavid's Motion to Vacate or Correct Sentence Pursuant to Rule

32 of the Federal Rules of Criminal Procedure (Docket No. 197) is DENIED.

/s/Robert E. Keeton
Robert E. Keeton
Senior United States District Judge
